FILED

NOT FOR PUBLICATION

JAN 28 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES BLACKWELL,

Plaintiff - Appellant,

v.

CITY AND COUNTY OF SAN
FRANCISCO; 1268 GRANT AVENUE
LLC; CHRISTOPHER P. FOLEY,

Defendants - Appellees.

No. 10-16907

D.C. No. 4:07-CV-04629-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted October 18, 2012
San Francisco, California

Before: D.W. NELSON, MURGUIA, and CHRISTEN[**], Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   Judge Christen was drawn to replace Judge Betty Binns Fletcher. Judge Christen has read the briefs, reviewed the record, and listened to the oral arguments that were held on October 18, 2012.

Plaintiff-Appellant Charles Blackwell appeals the district court's grant of summary judgment to Defendants-Appellees City and County of San Francisco ("San Francisco"), 1268 Grant Avenue LLC ("1268 Grant"), and Christopher Foley in an action arising under Title II of the Americans with Disabilities Act ("ADA") and various California state statutes. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Blackwell, who is legally blind, slipped and fell on the flat metal cover of a nonoperational subterranean service elevator owned by 1268 Grant and Foley while walking on a public sidewalk in San Francisco. He then brought this suit, alleging that the metal cover impeded his access to the public sidewalk system and to the restaurant at 1268 Grant Avenue.

## I

Public sidewalks are a "service, program, or activity" as those terms are used in Title II of the ADA. *Barden v. City of Sacramento*, 292 F.3d 1073, 1075–77 (9th Cir. 2002) (citing 42 U.S.C. § 12132). Sidewalks built before January 26, 1992—like those at issue in this appeal—are "existing facilities." *See* 28 C.F.R. § 35.150. Public entities are not "require[d] . . . to make each of its existing facilities accessible to and usable by individuals with disabilities[.]" *Id.* § 35.150(a)(1). Rather, public entities must operate existing facilities "so that the

2

service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." *Id.* § 35.150(a).

Blackwell admitted in a deposition that he knew he was about to step on a metal door cover before he slipped and that he is generally able to use his cane to distinguish between metal doors coated with friction surfaces and those without such coating. Blackwell also stated in a deposition that he had been able to use the section of sidewalk outside 1268 Grant Avenue without incident more than once prior to his accident. Blackwell's own statements established that the metal door cover was not a hidden danger that rendered the stretch of sidewalk inaccessible to visually disabled people such as him. The district court correctly granted summary judgment to San Francisco on Blackwell's ADA claim.

## II

### A

Blackwell's state-law claims arise under California Civil Code § 54 and California Government Code § 4450. The district court correctly concluded that Blackwell lacks standing to assert a claim for damages under these statutes against the private defendants, 1268 Grant and Foley. California Civil Code § 54.3(a) creates a private cause of action against any person who "denies or interferes with admittance to or enjoyment of . . . public facilities" by individuals with disabilities.

3

But a plaintiff asserting the cause of action must have "actually presented himself or herself to a business or public place with the intent of purchasing its products or utilizing its services" and must have been "actually denied equal access on a particular occasion." *Reycraft v. Lee*, 99 Cal. Rptr. 3d 746, 756 (Cal. Ct. App. 2009). Blackwell concedes that on the day of his accident he was not attempting to patronize the restaurant at 1268 Grant Avenue.

**B**

The district court correctly granted summary judgment to the Defendants-Appellees on Blackwell's remaining state-law claims.

The metal elevator cover, which was installed sometime before the late 1970s, predates the adoption in 1981 of new regulations concerning requirements for handicapped accessibility, which were codified in title 24 of the California Code of Regulations. *See Donald v. Sacramento Valley Bank*, 260 Cal. Rptr. 49, 54 n.6 (Cal. Ct. App. 1989); *see also* Cal. Code. Regs. tit. 24, pt. 2, ch. 11B. For that reason, it is not required to comply with the accessibility standards in that title. *See Californians for Disability Rights v. Mervyn's LLC*, 81 Cal. Rptr. 3d 144, 154 (Cal. Ct. App. 2008) ("[T]itle 24 does not require facilities that predate its enactment to comply with its regulations unless and until the facility is altered.").

Blackwell argues instead that the elevator cover is governed by the American Standards Association's A117.1-1961 standards for disability access ("ASA standards"), which were in effect between 1968 and 1982. *See Donald v. Sacramento Valley Bank*, 260 Cal. Rptr. 49, 54 n.6 (Cal. Ct. App. 1989). Blackwell's evidence is inadequate to establish a genuine dispute of material fact as to whether the condition of the cover and the surrounding sidewalk violate the ASA standards, for two reasons. First, Blackwell did not establish that the cover was installed during the period in which the ASA standards were in effect. The only record evidence regarding the cover's installation date was a declaration by 1268 Grant's previous owner that the cover was already present when he bought the property in the late 1970s and that it did not appear to have been recently installed.

Second, even if the cover was subject to the ASA standards, Blackwell did not produce evidence establishing that the cover infringed any particular standard. The report prepared by Blackwell's expert, Barry Atwood, includes conclusory statements that both the sidewalk and the metal cover violate the ASA standards, but the report does not identify any particular standard that was infracted. Blackwell argues that the cover and sidewalk violate ASA standard 4.2.2, which states that public walks "shall be of a continuing common surface, not interrupted

by steps or abrupt changes in level." But pictures of the metal cover in the record confirm that there is no "abrupt" change in level between the sidewalk and the cover; both are at roughly the same level. *Cf. Donald*, 260 Cal. Rptr. at 56 (applying the standard where a walkway leading up to an ATM was "interrupted by steps"). Blackwell further argues that the cover violates ASA standard 4.2.3, which states that "[w]herever walks cross other walks, driveways, or parking lots they should blend to a common level." The metal covers at issue, however, do not "cross other walks, driveways, or parking lots."

## C

The district court also correctly granted summary judgment to San Francisco on Blackwell's claim under California Government Code § 11135. California's administrative regulations require public facilities to be "readily accessible to disabled persons." Cal. Code. Regs. tit. 22, § 98254(a) (West 2012). Blackwell did not present evidence that the segment of sidewalk at issue was rendered inaccessible to him by the metal door cover. *See supra* p. 3.

**AFFIRMED**.